**B. L. Honore, Appellant, v. George W. Homan, Appellee.**

**Gen. No. 14,564.**

BROKERS AND FACTORS—*when commission not earned.* Unless a customer ready, willing and able to comply with the terms offered by the owner is obtained by the broker, no commissions are earned.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed June 28, 1909.

LESLIE H. WHIPP, for appellant.

FYFFE & ADCOCK, for appellees; EDMUND D. ADCOCK and CORNELIUS LYNDE, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This judgment must be affirmed for the reason that the evidence of appellant, aside from every other ques-

tion of law or fact involved in the case, does not sustain his contention that he performed his part of the contract, which required him to furnish a lessee for the Michigan avenue property, able, ready and willing to lease the same for a term of ninety-nine or 999 years, at an annual rental of $3,600, and to pay in cash for the improvements $10,000. By this contract appellee was absolved from the payment of commissions to appellant for procuring a lessee, it being understood that to such lessee when procured appellant should look for his compensation for his services in negotiating the transaction. Appellant's contention is that he procured a lessee within the terms of the contract, who also agreed to pay him the usual commissions of real estate brokers at Chicago for negotiating like transactions, and that on account of appellee's refusal to accept the lessee and make the lease so negotiated by appellant, he lost his commission, and consequently appellee is liable to make good the damage suffered by him for such breach of contract.

Appellant offered the following letter as evidence that he secured a lessee for appellee's Michigan avenue property:

"Chicago, Ill., Sept. 6, 1906.

Mr. B. L. Honore,
   1st Natl. Bank Bldg., City.

Dear Sir: I herewith accept your proposition to sell the improvements on the property 322-23 Mich. Blvd. for $10,000, and to lease the land for 999 years at a rental of $3,000 per yr., payable quarterly in advance, the rent to begin upon the execution and delivery of the lease. In addition to paying the $10,000 for the improvements and signing the usual form for long term lease, I will pay the cost of the bringing down of the abstract and of having the abstract examined, and will take care of the matter of your brokerage.

Very truly yours,
. A. C. Honore."

The terms mentioned in the correspondence of appellee, which it is admitted constitute the contract for

the breach of which damages are sought to be recovered in this case, provide for an annual rental of $3,600, as well as a cash payment for improvements of $10,000. In the letter of the proposed lessee, A. C. Honore, quoted above from appellant's brief, the rental mentioned is $3,600, and throughout the argument counsel have proceeded upon the assumption that this was in fact the rental. In appellee's supplemental abstract the amount of the rental is, in that letter, set down as being $3,000. To ascertain the fact, we have had recourse to the record, and find that there the rental offered is $3,000. This being so, it is patent there can be no recovery. While such an offer in writing signed by the party to be charged, may be unnecessary (although we think in the circumstances of this case it was necessary), still there is no evidence in this record contrary to the letter, nor any oral proof that the rental agreed to be paid by Honore was $3,600. A. C. Honore, who testified for appellant, swore that appellant was his uncle, and further testified that appellant told him "he could get that property at 3 per cent, $3,000, forty feet on Michigan avenue, Nos. 222 and 223, and I told him if I could get that property at 3 per cent on a ninety-nine year lease and pay $10,000 for a building and take that lease and pay the expenses and bring down the abstract and the expense of having the abstract examined and the commissions in the deal, that I would do it, and I afterwards wrote a letter to him to that effect." An offer to pay an annual rental of $3,000 it is clear does not satisfy the requirement of $3,600 annual rental. So appellant fails, at the threshold of his case, to sustain his contention by his proofs, and cannot therefore prevail.

While, in the condition of this record, we do not deem it necessary to our decision to review any of the other questions argued, yet we have carefully read the record and the briefs of all the counsel, and find no reason to disturb the judgment of the court below,

even though the fatal variance upon which we rest our conclusion was not present in the case.

The judgment of the Circuit Court will therefore be affirmed.

*Affirmed.*